UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BAUSCH & LOMB INCORPORATED,

                  Plaintiff,

       v.

REXALL SUNDOWN, INC., et al.,

                  Defendants.

DECISION & ORDER

03-CV-6620T

        Bausch & Lomb Incorporated commenced this patent infringement lawsuit in December 2003, alleging that defendants Rexall Sundown, Inc., Rexall, Inc. and NBTY, Inc. (collectively, "Rexall") have infringed its patent pertaining to compositions for nutritional supplements used in the prevention and treatment of visual acuity loss, United States Patent No. 6,660,297 ("the '297 patent"). (Docket # 1). Specifically, the Complaint alleges that defendants infringed the '297 patent by manufacturing, marketing and selling a product marketed under the trademark Vuemax Intensive Product. Rexall represents that it does not currently manufacture or sell that product and has not done so for several years.

        Although Rexall filed an Answer in May of 2004, no other activity occurred in this case until three years later. At that time, in May 2007, the Honorable Michael A. Telesca, United States District Judge, referred the matter to this Court for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 31). This Court held a Rule 16 conference in June 2007 and thereafter issued a Scheduling Order requiring the parties to comply with their mandatory

disclosure obligations by July 23, 2007 and to complete discovery by April 7, 2008. (Docket ## 42, 43). After only limited discovery had been conducted, on September 4, 2007, Rexall filed the pending motion to stay this action. (Docket # 46).

Rexall contends that a stay is appropriate because it has filed a request with the United States Patent and Trademark Office ("PTO") for inter partes reexamination of the '297 patent. (Docket # 46-7). Oral argument of Rexall's motion was conducted on October 31, 2007, and this Court reserved decision. (Docket # 54). Rexall since has advised the Court that on December 21, 2007, the PTO granted its request and has instituted an inter partes reexamination proceeding, finding that prior art raised a "substantial new question of patentability" as to each of the claims for which Rexall requested reexamination. (Docket # 58 at ¶ 2; Exhibit ("Ex.") A). For the following reasons, Rexall's motion for a stay is granted conditioned upon its agreement not to reintroduce for sale the Vuemax Intensive Product during the pendency of the reexamination proceedings before the PTO.

## DISCUSSION

The procedure for patent reexamination is set forth by statute in Title 35 of the United States Code. In pertinent part, the statute provides:

> Any third-party requester at any time may file a request for inter partes reexamination by the [PTO] of a patent on the basis of any prior art cited under the provisions of section 301. The request shall be in writing, include the identity of the real party in interest . . . and set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested. The Director promptly shall send a copy of the request to the owner of record of the patent.

35 U.S.C. § 311. "One purpose of the reexamination procedure is to eliminate trial of the issue of patent claim validity (when the claim is canceled by the [PTO]), or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Synder Seed Corp. v. Scrypton Sys., Inc.*, 1999 WL 605701, * 1-2 (W.D.N.Y. 1999) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir.), *cert. denied*, 464 U.S. 935 (1983); *Ingro v. Tyco Indus., Inc.*, 1985 WL 1649, *1 (N.D. Ill. 1985)). "The procedure was intended 'to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts ...,' especially where the infringement litigation is in the early stages." *Id.* (citing *Digital Magnetic Sys., Inc. v. Ansley*, 1982 WL 52160, *1 (W.D. Okla. 1982)).  Resort to the reexamination procedure should not be sanctioned through the issuance of a stay, however, where it is pursued for tactical advantage after substantial and costly discovery has been conducted or where trial is imminent.

Although the commencement of reexamination proceedings does not operate as an automatic stay of federal court litigation involving identical claims, a district court retains the authority, pursuant to its inherent power to control and manage its docket, to stay an action pending the outcome of reexamination proceedings before the PTO. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) (citing *Gould v. Control Laser Corp.*, 705 F.2d at 1340), *appeal dismissed by*, 243 F.3d 554 (Fed. Cir. 2000). "A motion to stay an action pending the resolution of a related matter in the [PTO] is directed to the sound discretion of the court." *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d at 406 (quoting *Braintree Labs., Inc. v. Nephro-Tech., Inc.*, 1997 WL 94237 (D.

Kan. 1997)). Neither party in this matter disputes the Court's authority to order a stay; rather, they dispute the merits of exercising that authority in this case.

As various judges have observed, courts "routinely" issue stays pending the outcome of reexamination proceedings, particularly in cases where the litigants have not made substantial progress towards trial. *Middleton, Inc. v. Minnesota Mining and Mfg. Co.*, 2004 WL 1968669, *3 (S.D. Iowa 2004); *Softview Computer Prods. Corp. v. Haworth, Inc.*, 2000 WL 1134471, *2 (S.D.N.Y. 2000) (collecting cases). *See also Card Tech. Corp. v. DataCard Corp.*, 2007 WL 551615, *4 (D. Minn. 2007) ("a stay is usually warranted unless other factors outweigh the potential benefits of awaiting the outcome of reexamination"); *Bausch & Lomb Inc. v. Alcon Labs., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996) (noting that "[b]ecause the PTO is considered to have expertise in deciding issues of patentability[,] many courts have preferred to postpone making final decisions on infringement until the PTO rules on issues before it"). Deferring determinations of patent validity to the PTO offers many advantages, including the following:

> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
>
> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
>
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
>
> 4. The outcome of the reexamination may encourage a settlement without further use of the court.
>
> 5. The record of the reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

> 6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences afer a reexamination.
>
> 7. The cost will likely be reduced both for the parties and the Court.

*Snyder Seed Corp. v. Scrypton Sys., Inc.*, 1999 WL 605701 at *3 (quoting *Emhart Indus. Inc. v. Sankyo Seiki Mfg. Co.*, 1987 WL 6314, *1 (N.D. Ill. 1987) (citations omitted)). *Accord Card Tech. Corp. v. DataCard Corp.*, 2007 WL 551615 at *3; *EchoStar Tech. Corp. v. TiVo, Inc.*, 2006 WL 2501494, *1-2 (E.D. Tex. 2006); *Pegasus Dev. Corp. v. Directv, Inc.*, 2003 WL 21105073, *2 (D. Del. 2003); *Perricone v. Unimed Nutritional Servs., Inc.*, 2002 WL 31075868, *1 (D. Conn. 2002); *Softview Computer Prods. Corp. v. Haworth, Inc.*, 2000 WL 1134471 at *2.

Three factors generally deserve consideration in determining whether to stay a litigation pending reexamination by the PTO: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Softview Computer Prods. Corp.*, 2000 WL 1134471 at *2; *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d at 406 (citing *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 1995 WL 20470 (N.D. Cal. 1995); *GPAC, Inc. v. DWW Enter., Inc.*, 144 F.R.D. 60, 66 (D.N.J. 1992); *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991)). In the case at bar, consideration of these factors weighs in favor of the requested stay. Although this litigation has been pending for over four years, very little progress has been made in discovery. In fact, no discovery at all took place during the first three and one-half years that this case was pending, and no effort was made by plaintiff to advance the litigation during that time.

Substantial discovery and motion practice, including a likely *Markman* hearing, remains to be conducted before the case is trial-ready.

Further, on the record before me, I cannot conclude – as plaintiff urges – that Rexall was dilatory in commencing reexamination proceedings and did so only for tactical advantage. Rexall has represented that it discovered the prior art upon which its reexamination application is based only in May of 2007, approximately four months before this motion was filed. No factual basis exists to question the credibility of that representation. Although it would have been preferable had Rexall promptly notified the Court and opposing counsel of its intention to seek reexamination at the time it discovered the prior art, the several-month delay in filing its motion did not result in significant discovery expenses or substantial movement towards trial. *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d at 407 (noting "evidence that the movant's request for a stay ha[d] at least some dilatory tactical motive behind it").

Nor do I find that the disadvantages of the delay that invariably will be occasioned by the requested stay outweigh the advantages to this litigation that will result from the PTO's ultimate determination. *See Synder Seed Corp.*, 1999 WL 605701 at *4 ("the benefits of a stay pending determination of defendant's requests for reexamination . . . outweigh any detriments to the parties cause by delay of court proceedings"). *See also Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 2007 WL 2990152, *1 (N.D. Cal. 2007) ("an inter partes reexamination can have no other effect but to streamline ongoing litigation" because such proceedings "impose estoppel

restraints upon third-party requesters" under 35 U.S.C. § 315(c)[1]) (internal quotation omitted). Should the PTO determine that all or some of the patent claims at issue are invalid, that determination will conserve the resources of this Court and the litigants and simplify the issues before the Court.  Conversely, should the PTO reaffirm the patent claims, the Court will benefit from its expert analysis of those claims and the prior art.  *See*, *e.g.*, *Softview Computer Prods. Corp.*, 2000 WL 1134471 at *3; *Snyder Seed Corp.*, 1999 WL 605701 at * 1-2.  That the benefits of a stay outweigh its disadvantages is further underscored by the fact that Rexall is not currently selling the alleged infringing product and is willing to condition the stay on its undertaking not to do so during the pendency of the reexamination proceedings.  *Cf. Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d at 407 ("[i]n light of the substantial time and resources already invested into this litigation, such a lengthy delay would prejudice the plaintiff, who claims that the defendants *continue to wilfully infringe* [the patent]") (emphasis added).

For these reasons, I conclude that a stay of this matter should be granted pending a final resolution of the PTO's reexamination.  The stay is conditioned upon Rexall's agreement not to reintroduce to the market the Vuemax Intensive Product during the pendency of the reexamination proceedings before the PTO.

---

[1] 35 U.S.C. § 315(c) provides:

> A third-party requester whose request for an inter partes reexamination results in an order under section 313 is estopped from asserting at a later time, in any civil action arising in whole or in part under section 1338 of title 28, the invalidity of any claim finally determined to be valid and patentable on any ground which the third-party requester raised or could have raised during the inter partes reexamination proceedings.

## **CONCLUSION**

Consistent with Rexall's representation that it is "willing to consent to a stay order that includes this commitment" (Docket # 56), it is hereby ORDERED that this case is stayed until further Order of the Court and that during the pendency of the stay, Rexall may not distribute, sell or offer for sale the Vuemax Intensive Product or any identical product under a different trade name.

Counsel for the parties are directed to contact this Court in writing within seven (7) days of a decision by the PTO on the pending reexamination proceeding to request a status conference.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
       May  19 , 2008